UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEANGELO HAMILTON,

    Petitioner,

                                          Case No. 06-12610
                                          HON. AVERN COHN

v.

THOMAS BIRKETT,

    Respondent.
_____/


## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. §2254. Deangelo Hamilton, ("Petitioner"), filed a pro se petition for writ of habeas corpus claiming that he is incarcerated[1] in violation of his constitutional rights and raises two claims detailed below. Respondent argues that Petitioner's first claim is procedurally defaulted, not cognizable for habeas review, and lacks merit. Respondent also argues that Petitioner's second claim lacks merit. For the reasons that follow, the petition will be denied.

### II. Factual Background

The material facts as gleaned from the record follow.

---

[1] Petitioner was released from prison on October 18, 2007 and is presently on parole. However, Petitioner's status does not moot his claim for habeas corpus relief or defeat this Court of subject matter jurisdiction. Petitioner continues to satisfy the Article III "'case and controversy' requirement because of the continuing collateral consequences to a wrongful criminal conviction." Spencer v. Kemna, 523 U.S. 1, 8 (1998).

Petitioner's conviction arises out of the assault and shooting of Brian Morrison on March 9, 2001 in Detroit, Michigan. It is undisputed that Morrison purchased two bags of marijuana from Petitioner and his friends for twenty ($20.00) dollars. Both Petitioner and Morrison agree that Petitioner believed that the twenty dollar bill Morrison used to purchase the marijuana was counterfeit. After Morrison offered to give Petitioner another twenty dollar bill in exchange for the original bill, the parties differ with their version of events. Morrison testified that following his offer, Petitioner punched him in the face and proceeded to shoot him five times, striking the arm, thigh and hip areas. Petitioner claims that following Morrison's offer, it was Morrison who initiated the physical altercation by punching Petitioner in the face; and Petitioner retaliated by striking Morrison. Afterwards, Petitioner states that he observed Morrison reach for a gun. It was at that time that Petitioner reached for his firearm and fired upon Morrison out of fear. Morrison testified at trial as well as two eyewitnesses who corroborated his version of events.

### III. Procedural History

Petitioner was convicted of assault with intent to commit great bodily harm, felon in possession of a firearm, and possession of a firearm during the commission of a felony. On October 10, 2001, Petitioner was sentenced as an habitual third offender to four years and six months to twenty years' imprisonment for the assault with intent to commit great bodily harm conviction, three to five years for the felon in possession conviction, and a consecutive mandatory term of two years incarceration for the felony firearm conviction.

Petitioner filed a direct appeal raising three issues, as follows:

2

Claim 1    whether Petitioner is entitled to be re-sentenced where the trial court failed to exercise its discretion when it sentenced Petitioner under the habitual offender statute;

Claim 2    whether Petitioner's conviction and sentence for both felon in possession of a firearm and possession of a firearm during the commission of a felony violated Petitioner double jeopardy protections; and

Claim 3    whether Petitioner is entitled to have arresting charges removed form his pre-sentence report since they are irrelevant, and may have an adverse effect upon his incarceration, sentencing, and parole.

The Michigan Court of Appeals denied the claims on the merits and affirmed Petitioner's convictions. People v. Hamilton, 2003 WL 21540386 Mich. Ct. App. No. 239721 (per curiam) (July 8, 2003). The Michigan Supreme Court denied leave to appeal. People v. Hamilton, 469 Mich. 987 (Dec. 30, 2003).

Petitioner filed a motion for relief from judgment raising the following issue:

Claim 1    whether the information used to charge Petitioner as an habitual offender was properly filed with the court.

The trial court denied the motion.

Petitioner then filed a delayed application with the Michigan Court of Appeals, raising the following issue:

Claim 1    whether Petitioner is entitled to leave to appeal because the supplemental information used to enhance Petitioner's sentence was not filed within the 21 day time period pursuant to MCL §769.13.

The Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." People v. Hamilton, Mich. Ct. App. No. 262020 (Oct. 20, 2005). The Michigan Supreme Court also denied

3

leave to appeal, citing M.C.R. 6.508(D). People v. Hamilton, 474 Mich. 1094 (Mar. 27, 2006).

Petitioner then filed the instant petition, raising the following two issues:

Claim 1   whether Petitioner is entitled to leave to appeal because the supplemental information used to enhance Petitioner's sentence was not filed within the 21 day time period pursuant to MCL §769.13.

Claim 2   whether Petitioner was denied effective assistance of appellate counsel when she failed to raise the above stated issue on appeal.

## IV. Standard of Review

Under 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

"Clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the

4

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. §2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 365; see also Prince v. Vincent, 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was reasonable. Williams v. Taylor, 529 U.S. at 411.

## V. Analysis

Petitioner first claims that his due process rights were violated because his sentence was improperly enhanced. Respondent says that the claim is procedurally defaulted. In his second claim, Petitioner alleges ineffective assistance of counsel for failing to raise the sentencing claim.

### A. Procedural Default

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Such a default may occur if the state prisoner files an untimely appeal, if he fails to present an issue to a state appellate court at his only opportunity to do so, or if he fails to comply with an independent and adequate state procedural rule that required him to have done something at the trial court level to preserve his claimed error for appellate review, e.g., if the appellate court finds that the petitioner failed "to establish entitlement to relief under MCR 6.508(D)" Id. at 752; See Burroughs v. Makowski, 282 F.3d 410, 413 (6th Cir. 2002); Rust v. Dent, 17 F.3d 155, 160 (6th Cir. 1994).

Application of the cause and prejudice test may be excused if a Petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." Rust, 17 F.3d at 162; Murray v. Carrier, 477 U.S. 478 496 (1986).

Here, Petitioner raised this claim for the first time in a motion for relief from judgment. Both the Michigan Court of Appeals and Michigan Supreme Court declined to review the claim, citing M.C.R. 6.508(D). The state appellate courts' reliance on M.C.R. 6.508(D) shows that the decision to deny relief rested exclusively on a state procedural rule and is sufficient to invoke the doctrine of procedural default. See Spencer v. Booker, No. 05-1925, 2007 WL 3391207 (6th Cir. Nov. 14, 2007) (unpublished); McCray v. Metrish, 232 F. App'x 469 (6th Cir. 2007) (unpublished decision); Luberda v. Tripett, 211 F.3d 1004 (6th Cir. 2000).

Thus, the claim cannot be reviewed unless Petitioner can show cause and

prejudice. In his second claim, Petitioner argues that appellate counsel was ineffective for failing to raise the claim on direct appeal. A determination of whether Petitioner received ineffective assistance of counsel so as to overcome his procedural default requires an examination of the merits of the claim. That is, if the claim lacks merit, then appellate counsel was not deficient for failing to raise the claim on direct appeal.

### B. The Claim

Petitioner argues that the prosecutor deprived him of due process when he filed an untimely supplemental information charging Petitioner with being an habitual offender, third offense. Although Petitioner attempts to couch his claim in constitutional terms, the real basis for his claim is an alleged violation of M.C.L. § 769.13(1) which provides:

> In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant . . . . by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

First of all, a perceived error of state law is not a basis for habeas corpus relief. Pulley v. Harris, 465 U.S. 37, 41 (1984); Austin v. Jackson, 213 F.3d 298, 300 (6th Cir. 2000). Federal courts may grant the writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). However, Petitioner has alleged ineffective assistance of counsel for not raising this claim, which is an underlying constitutional claim. Thus, the Court must examine the merits of the underlying claim to determine if Petitioner received constitutionally defective representation.

7

The record supports that notice of the prosecutor's intent to seek enhancement of Petitioner's sentence was provided within the felony information, before Petitioner was arraigned and before he was bound over for trial. Habeas Petition, Exhibit G ("Information"), Exhibit H ("Return to Circuit Court"), and Exhibit J ("Opinion and Order Denying Motion for Evidentiary Hearing and Motion for Relief from Judgment," pg. 2). Thus, Petitioner had adequate notice of the convictions upon which the habitual offender charge was predicated; and he is not entitled to a writ of habeas corpus on this claim. Thus, counsel was not ineffective for failing to raise the issue on direct appeal.

Petitioner has therefore failed to show cause or prejudice to overcome his procedural default.

### VI. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief. The petition is **DENIED.** This case is **DISMISSED**.

**SO ORDERED**.


Dated: February 7, 2008     s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Deangelo Hamilton, 346764, Camp Branch, 19 Fourth Street, Coldwater, MI 49036 on this date, February 7, 2008, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160